IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARK ROBERTS, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 04-3062-Ml/V |
| TIMOTHY C. OUTLAW, | ) | |
| Respondent. | ) | |

ORDER DENYING MOTIONS FOR EXTENSION OF TIME AND FOR A STAY
AND
ORDER OF DISMISSAL

Petitioner Mark Roberts, Bureau of Prisons ("BOP") inmate registration number 17048-075, who was, at the time, an inmate at the Federal Correctional Institution in Memphis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, through counsel and with two other inmates, on May 13, 2004. Because the petitioners failed to comply with orders directing them to submit copies of the petition and a reply brief bearing their signatures, as required by Fed. R. Civ. P. 11(a), the Court issued an order on November 30, 2004 dismissing the action without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. Judgment was entered on December 1, 2004. Johnson, et al. v. Outlaw, No. 04-2370-Ml/V (W.D. Tenn.).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 9-20-05



On December 6, 2004, petitioner Mark Roberts filed copies of the petition and supporting memorandum bearing his original signature in case no. 04-2370, which had been closed. Roberts also submitted the habeas filing fee. Thereafter, on December 9, 2004, the clerk received copies of documents that had been sent to Roberts at his address of record, with a notation that they had been refused by the prison because Roberts had been released.

The Court issued an order on December 29, 2004, directing the clerk file Roberts's petition and memorandum as a new civil action and directing Roberts, within thirty (30) days, why the petition should not be dismissed as moot because Roberts was no longer in custody.[1] Roberts filed a response to that order on January 28, 2005. In that response, Roberts stated that he had been released on bail pending appeal, pursuant to the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). He contends that (i) supervised release constitutes "custody" for habeas purposes and (ii) there is a possibility that he will be required to returned to prison, either because his conviction and sentence are affirmed or in the event of a resentencing.

---

[1] Pursuant to 28 U.S.C. § 2241(c), a prisoner may obtain a writ of habeas corpus only if he is "in custody." This habeas petition challenges a BOP policy restricting the amount of time federal prisoners may spend in halfway houses prior to their release. The BOP's website indicates the petitioner was released on September 28, 2004, and that fact is confirmed by the fact that orders sent to Roberts at the prison were refused on grounds of his release. The copies of the petition and memorandum filed by Roberts show a non-prison mailing address.

2

Accordingly, Roberts asked the Court to stay further proceedings in this matter.[2]

The Court has not received any additional submissions from Roberts since the filing of his response on January 28, 2005. Since that time, Roberts's conviction was affirmed but his sentence was vacated in light of United States v. Booker, 125 S. Ct. 758 (2005). See United States v. Roberts, 128 Fed. Appx. 26 (9th Cir. Mar. 25, 2005), pet. for cert. filed (U.S. June 29, 2005) (No. 05-5138). The docket sheet for the criminal case does not indicate that Roberts has been resentenced, United States v. Roberts, No. 5:01-CR-4-2 (C.D. Cal.), and it seems likely that that will not occur until after a decision on the petition for a writ of certiorari.

Roberts is correct, as a general proposition, that the "in custody" requirement for habeas jurisdiction is satisfied while a prisoner is on supervised release. Carafas v. LaVallee, 391 U.S. 234 (1968) (habeas petition is not moot and court is not divested of jurisdiction where petitioner is unconditionally released from custody during pendency of appeal). However, this petition does not challenge the validity of Roberts's sentence but, instead, challenges his assignment to a prison rather than a halfway house. It is indisputable that Roberts is no longer in a prison.

---

[2] Although the petitioner's filing also asked, in the alternative, for an extension of time to respond to the order to show cause, that part of the motion was predicated on the assumption that Roberts's response was untimely. As Roberts's filed a timely response to the order, no extension of time appears necessary.

3

Accordingly, while the Court has jurisdiction over the habeas petition, it is at least potentially moot.

The Court is unable to assess, on the basis of the petition, Roberts's motion, and the district court docket sheet, the likelihood that Roberts will be re-sentenced to anything other than time served and, if he is, whether he is likely to be eligible for halfway house placement under the BOP's current policy. Roberts's original sentence, which was imposed on March 28, 2003, was twenty-seven (27) months. Even assuming that Roberts's petition for certiorari is denied and the resentencing occurs within the next few months, Roberts could presumably appeal that sentence. If he remained on bail pending an appeal, resolution of this petition could be delayed indefinitely.

Moreover, even if Roberts is sentenced to an additional term of imprisonment and assigned to serve his sentence in a prison, this Court will lack jurisdiction over Roberts's habeas petition unless the BOP assigns Roberts to a prison in this district. Although Roberts, who was convicted in California, has personal contacts with the State of Tennessee, the Court has no way to assess the likelihood that the BOP would place him at a prison in this district, rather than nearby prisons in Arkansas or Mississippi or another prison entirely.

Finally, although Roberts complains about the possibility of delay if he is forced to file a new habeas petition, nothing precludes Roberts from submitting the response to the original

4

petition in case no. 04-2370 as an attachment to his new petition in the event further litigation is necessary.

In light of the substantial uncertainties concerning (i) the likelihood that Roberts will face additional time in a traditional prison and (ii) whether Roberts will be assigned to a prison in this district, the motion for a stay is not well taken. Accordingly, as Roberts is no longer imprisoned in this district, the petition is DISMISSED as moot.

IT IS SO ORDERED this __20__ day of September, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-03062 was distributed by fax, mail, or direct printing on September 20, 2005 to the parties listed.

Mark Roberts
1002 East Northfield Blvd.
#G-105
Murfreesboro, TN 37130

Honorable Jon McCalla
US DISTRICT COURT